W. L. Heinickle, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Claude C. Haworth, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 26568, 26569.   Promulgated June 25, 1930.

*T. B. Benson, Esq.*, for the petitioners.
*O. J. Tall, Esq.*, for the respondent.

158

160

**OPINION.**

McMahon: The sole question for determination is whether the net income derived in 1922 by the business carried on in the name of "Heinickle and Haworth," is taxable equally to each of the petitioners or whether only one-half of such income is taxable to them equally. It is the contention of the petitioners that one-half of the income of the business was taxable to their wives, by virtue of the three agreements set forth in our findings of fact

Section 218 (a) of the Revenue Act of 1921 provides as follows:

SEC. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

A reading of the three agreements convinces us that the various parties did not intend to create one partnership consisting of the petitioners and their wives. Clearly, it was the intention of the petitioners to create a partnership between themselves, and this they accomplished. What then, was the result of the execution of the agreements between each petitioner and his wife?

The Civil Code of California, 1927, Art. V., par. 2450, provides:

A general partnership is dissolved as to all the partners:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(4) By the transfer to a person, not a partner, of the interest of any partner in the partnership property.

No attempt was made by either of the petitioners to transfer to his wife any interest in the partnership assets, there was no intention on the part of the petitioners to dissolve the partnership of which they were the members, and we know of no rule of law that would operate to dissolve such partnership in these circumstances.

There is no doubt that under the laws of California a wife is competent to enter into a partnership with her husband. Sec. 158, Civil Code of California. But, before the income from the business operations of the partnership of Heinickle & Haworth was income to the partnerships composed of each husband and wife, it was first income to the members of the main partnership and is taxable to them. See *Sam H. Harris*, 11 B. T. A. 871; affd., 39 Fed. (2d) 546; and *Ormsby McKnight Mitchel*, 1 B. T. A. 143; affd., *Mitchel* v. *Bowers*, 9 Fed. (2d) 414; 15 Fed. (2d) 287; certiorari denied, 273 U. S. 759. See *Lucas* v. *Earl*, 281 U. S. 111. We consider *Estate of John Barnes, Jr.*, 7 B. T. A. 924; affd., 30 Fed. (2d) 289, in conflict with this decision, but, in our opinion, the decision in that case is contrary to the weight of authority.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MARQUETTE, SMITH, and STERNHAGEN concur in the result only.